IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARGARET ELLIOT,<br>    Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOC, LLC,<br>    Defendant. | Case No. _____<br><br>COMPLAINT |

Plaintiff Margaret Elliot, by her attorney Ray Johnson, for her claims against the Defendant states:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.A. § 1692, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff is a natural person residing in Wappello County, Iowa.

4. Portfolio is a "debt collector" as defined by the FDCPA and 15 U.S.C. §

1692a(6).

## IV. FACTUAL ALLEGATIONS

5. Plaintiff Margaret Elliot was negotiating the purchase of a hot tub.

6. Parties never agreed on financing, and Elliot never purchased the hot tub.

7. The merchant took the position that Elliot had purchased and financed a hot tub, and began collection attempts.

8. Elliot refused to pay the merchant, who subsequently sold the account to Portfolio.

9. Portfolio subsequently filed a small claims action against Elliot.

10. Elliot filed an Answer denying the allegations, and the case was ultimately dismissed with prejudice.

11. During that time, Wetsch, Abbott, and Osborn, P.C., represented Portfolio and Portfolio knew that an attorney represented Elliot.

12. Since that time, Portfolio has repeatedly contacted Elliot in attempt to collect the debt she did not owe.

13. Portfolio has repeatedly contacted Elliot directly while it knew or should have known that she had attorney representation.

## V. COUNT I

15. All facts and allegations of this Complaint are incorporated herein by reference.

16. Portfolio violated the FDCPA. Its violations include, but are not limited to the following:

    a. Portfolio violated 1692e(2) by misrepresenting the character, amount

or legal status of an alleged debt.

    b.  Portfolio violated 1692e(5) by threatening to take an action that cannot legally be taken.

    c.  Portfolio violated 1692e(10) by using false representations and deceptive means in attempt to collect a debt.

    d.  Portfolio violated 1692f(1) by attempting to collect an amount not authorized by an agreement or permitted by law.

17. As a result of the above violations of the FDCPA, Defendant is liable to the Plaintiff for a declaratory judgment that Defendant's conduct is in violation of the FDCPA, actual and statutory damages, punitive damages, costs and attorney's fees.

WHEREFORE, Plaintiff Elliot respectfully requests judgment in her favor for:

    A.  A declaratory judgment that Defendant's conduct violated the FDCPA;

    B.  Actual damages;

    C.  Statutory damages pursuant to 15 U.S.C. 1692k;

    D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    E.  For other such relief the Court deems appropriate in the circumstances.

Respectfully submitted,

RAY JOHNSON   AT0004019
Johnson Law Firm
950 Office Park Road, Suite 221
West Des Moines, IA  50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com